Opinion of-the Court, by
Judge Owsley.
IN pursuance to an agreement made between the Crdtchers, of the one part; find Wolf and Hoover^ of the other part, the latter received from the former ninety dollars in hand, and executed a Covenant binding themselves jointly to transport two wagon loads of merchandize from the steam boat General Clark, near the mouth of Cumberland river, to Elizabethtown in Hardin county.
The merchandize was not transported, and an action was brought by the Crutchers, upon the covenant, against both Wolf and Hoover, and damages to the amount of ninety-nine dollars, and costs, were finally recovered by the Cruthers.
Upon this judgment an execution issued against the estate of Wolf and Hoover, and the debt was ultimately replevied by Wolf only.
To be relieved from the payment of the whole of this judgment, except forty.dollars and a moiety of the costs, Wolf exhibited his bill in equity, with injunction. He states, that but forty dollars of the ninety paid by the Crutchers upon the agreement, were received by him, and the residue by Hoover; that when the covenant was executed, he did not understand it to impose upon him any obligation to transport but one wagon *89 load of the merchandize, and that knowing such was his understanding, and being conscious he ought not in justice to pay more than he had received, the Crutch-ers, after having commenced their action upon the covenant, agreed to look to Hooyer for his proportion of the amount which might be recovered in that action, provided no defence was made, and executed their writing with a stipulation to that effect. ' He also charges, that in pursuance to that agreement, no defence was made to the action, and judgment for the amount of $99 and costs was recovered, and that not regarding their agreement, the Crutchers are now endeavoring to make the entire amount outofhis estate, and by thecoercive process of the law, have compelled him to replevy the same, &c.
The answer,
pja¿t¡(fs covenant agreed inwri-would not defend they T,uWh°rV° fendantfor6" his part of thejudg-harían fact no defence,’ did not defeltd'aruJ. rendered against both, ]y rep]evies;~ a court of e<i«uvoan-him against part,
1st. Because dofcnd-the action at law, it is questionable whether the plaintiffs’ covenant was on siich circum-slanoes. consideration Us entortó-7 ment in equity, under any
*89 The Crutchers admit the execution of the writing, referred to by the bill, and charge, that when the execution was delivered to the sheriff, they instructed that officer to return the same, provided a moiety was paid by Wolf; but they allege, that instead of paying his proportion, Wolf has replevied the entire judgment, and thereby precluded them from proceeding upon the judgment against Hoover; and hence, they insist that the bill ought to be dismissed, and the injunction disSolved, &C.
The court below decreed the injunction perpetual, ibr all the judgment except forty dollars, anda moiety of the costs at law.
To reverse that decree the Crutchers have prosecuted this writ of error. .
The cause was heard and the decree' pronounced by the circuit court upon the bill, answer and exhibits, without any depositions on either side. It will, there-tore, at the hrst glance be perceived, that the correctness .of the decree must turn upon the propriety of a court of equity interposing in favor of Wolf, after his having replevied the whole judgment in consequence of the Crutchers, during the pendency of the action at law, having covenanted “to look to Hoover for his part of thejndgmen..
Were it necessary to a decision of the present test, it might be deserving consideration, whether or not from the allegations contained in the bill and answer, the covenant alluded to could be adjudged to have been given unon such a consideration as to authorize, *90 under any circumstances, the interposition of a court of1 equity, against the judgment at law; fot the action at law appears to have been brought upon the joint obligation of both Wolf and Hoover, and though in his bill Wolf alleges, that at the time of executing that obligation, he did not understand he was hound for the transportation of both loads of merchandize, the obligation is otherwise, and the Crutchers allege in their answer, p was drawn in conformity to the agreement of the Parties; 80 that it might well be doubted whether, com-bined with such circumstances, the agreement of Wolf anc] Hoover, or either of them, not to defend the action at law, forms such a consideration for the covenant of the Crutchers, to look to Hoover for his part of the judgment, as to justify the enforcement of that covenant by a court of equity-.
ed. Because by the replé-yy otthe execution could issue on it, and an m-junction of "any part of the replevin, bond, would lio a total Joss to the plaintiffs of that sum, and equity •will not interfere to do such injustice.
till Because even had the defendant huh-mentIt*3 is not so clear that an in- > ocutUm o/eT contract in relation to a chattel inter-junction of "the residue could bo granted; for it would be
But passing by the question of consideration, as un-' important; m the case now under consideration, we ap-prebend-, there are other objections to the decree, not jjg gurmountedi.
if the decree be sustained-, the consequence must inevitably be a loss io the Crutchers, of the amount enjoined. Since the replevy, no proceedings can be had upon the original judgment; and as the replevy was by Wolf only, a perpetual injunction against proceeding as to him, would preclude any recourse against Hoover. When, therefore, consequences like these would flow from a-decree perpetuating the injunction, it would evidently be more consistent with the general principles by which courts of equity are governed, not to inter-Posei and lea.ve Wolf to his remedy at law, upon the covenant of the Crutchers.
Indeed, it. is not so clear that such wojuld not he the Pr0Per decree, if, instead of replevying the judgment, Wolf had paid his proportion and applied to equity to be relieved against the residue; for his case would then be that of a complainant seeking the aid ofa court of equity to enforce, contrary to the general rule by which that court is governed, the specific execution of a contract, in relation to a chattel interest, and for a breach of which, adequate remedy is afforded at law.. But be that as it may, since, by replevying the entire judgment, Wolf has deprived the Crutchers of any rem-ecjy Upon the judgment against Hoover for his proportion of the judgment, it would be palpably iniquit'o'us to *91 sustain'his claim and perpetuate the injunction .against any part of the judgment at law.
Hoggin and Huston, for plaintiffs,.
The decree must, therefore, be reversed with costs, the cause remanded to the court below, and the bill of Wolf dismissed, and the injunction dissolved with damages and costs.